```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS

MOSTAFA NHAILY,                )
          Plaintiff,            )
                                )
     v.                         )  C.A. No.  04-11364-JLT
                                )
                                )
AMERICAN STUDENT ASSISTANCE,   )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied. If plaintiff wishes to proceed with this action, he must file within thirty-five (35) days from the date of this Memorandum and Order (1) the $150 filing fee; and (2) a civil complaint.

The Clerk shall mail to Mr. Mostafa Nhaily at the address listed in the Verizon directory (1) a copy of this Memorandum and Order; and (2) a copy of Step By Step: A Simple Guide to Filing a Civil Action.

BACKGROUND

On June 10, 2004, Mr. Nhaily filed (1) an application to proceed without prepayment of fees; (2) a national civil cover sheet; and (3) a local civil cover sheet. See Docket. The Court notes that plaintiff states on the national civil cover sheet that he is "filing a federal lawsuit against [his] ex employer;" he wants "his job back;" and that he is "physically challenged." See § VI (Cause of Action), Civil Cover Sheet.

The Court notes that Mr. Nhaily has not filed a complaint. Additionally, the documents filed by Mr. Nhaily do not list his address. In an effort to locate plaintiff's address, a Clerk of this Court searched the Verizon on-line directory and discovered that an individual named Mostafa Nhaily is listed at 125 Amory Street, Boston, MA  02119.

DISCUSSION

I.   Application to Proceed Without Prepayment of Fees

A party filing a civil complaint in this Court must either (1) pay the $150.00 filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit.  See 28 U.S.C. 1914(a) ($150.00 filing fee); 28 U.S.C. 1915 (proceedings in forma pauperis).  Here, plaintiff filed an Application to Proceed Without Prepayment of Fees ("Application").

Plaintiff's Application indicates that he is not currently employed and was last employed in July 2000. Plaintiff failed disclose whether during the past twelve (12) months he has received money from gifts, inheritances or any other sources.  See Application, §§ 3(e), (f).  The Application indicates that plaintiff receives a monthly social security check in the amount of $610.  The Application also

indicates that plaintiff has $980 in a checking account and owns a 1994 Ford valued at $2,200. On this record, the Court finds that plaintiff has sufficient funds to pay the filing fee. Thus, plaintiff's Application is denied and plaintiff will be granted additional time to pay the filing fee or this action shall be dismissed without prejudice.

    II.   Plaintiff Failed to File a Civil Complaint

Although plaintiff filed national and local cover sheets, he failed to file a complaint. See Fed. R. Civ. P. 3 (a civil action is commenced by the filing of a complaint). A complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id.

Although at least one court has held, in the context of a bankruptcy proceeding, that a civil cover sheet cannot be treated as a cognizable substitute for a complaint, see In re Calafiore, 237 B.R. 249, 252 (D. Conn. 1999), this Court, consistent with its duties to construe pro se pleadings generously, will grant time to plaintiff to file a complaint that conforms with the Federal Rules of Civil Procedure and the Local Rules of this Court. Haines v. Kerner, 404 U.S.

519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); <u>see</u> <u>also</u> <u>Instituto de Educacion Universal Corp. v. Department of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000) (stating that court was "troubled" by rigid approach to the construction of pleadings; where action had been transferred to the court without a complaint it could direct litigant to file a complaint).

    III.    <u>Plaintiff Failed to Provide His Address to the Court</u>

The documents filed by Mr. Nhaily do not list his address.  Mr. Nhaily may have mailed his documents to the Court, however, the envelope, which may have had a return address, was not retained.  This Court's local rules require a party appearing <u>pro</u> <u>se</u> to notify the clerk of any change of address and provides that any party appearing <u>pro</u> <u>se</u> that has not filed an appearance or provided a current address "shall not be entitled to notice."    <u>See</u> District of Massachusetts Local Rule 83.5.2(e).

In an effort to locate plaintiff's address, a Clerk of this Court searched the Verizon on-line directory and discovered that an individual named Mostafa Nhaily is listed at 125 Amory Street, Boston, MA  02119.  The Clerk will be directed tol mail to plaintiff at the address listed in the

Verizon directory (1) a copy of this Memorandum and Order; and (2) a copy of Step By Step: A Simple Guide to Filing a Civil Action.

## ORDER

ACCORDINGLY, it is hereby

ORDERED, plaintiff's application to proceed without prepayment of fees is denied; and it is further

ORDERED, if plaintiff wishes to proceed with this action, he shall file within thirty-five (35) days from the date of this Memorandum and Order (1) the $150 filing fee; and (2) a civil complaint.

The Clerk shall mail to Mr. Mostafa Nhaily at the address listed in the Verizon directory (1) a copy of this Memorandum and Order; and (2) a copy of Step By Step: A Simple Guide to Filing a Civil Action.

SO ORDERED.

Dated at Boston, Massachusetts, this 21st day of June, 2004.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE